# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2474 | DATE | 7/26/2001 |
| CASE TITLE | HELEN MOLINARI vs. STATE OF ILLINOIS, DEPT. OF INS. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss for lack of jurisdiction is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 27 2001 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL 26 PM 4:09 |
| | | Date/time received in central Clerk's Office  mailing deputy initials |

Document Number 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



HELEN MOLINARI,       )
                      )
    Plaintiff,        )
                      )
v.                    ) No. 01 C 2474
                      ) Paul E. Plunkett, Senior Judge
                      )
STATE OF ILLINOIS,    )
DEPARTMENT OF INSURANCE )
                      )
    Defendant.        )
                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued the defendant for injunctive relief for its alleged violation of the American's with Disabilities Act, 42 U.S.C. § ("section") 12101 et seq., ("ADA"). Defendant has filed a Federal Rules of Civil Procedure ("Rule") 12(b)(1) motion to dismiss the amended complaint, arguing that the Eleventh Amendment of the United States Constitution renders it immune from suit brought under the ADA For the reasons set forth below, the motion is granted.

### The Legal Standard

The purpose of a Rule 12(b)(1) motion to dismiss, is to test the sufficiency of the complaint and not to decide the merits of the case. Dismissal is proper if, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S. Ct. 99, 102 (1957); Hishon v. King & Spaulding, 104 S.Ct 2229, 2232 (1984).

The district court must accept as true all well-pleaded factual allegations in the complaint and draw reasonable inferences in the plaintiff's favor. <u>Transit Express v. Ettinger</u>, 246 F.3d 1018 (7th Cir. 2001), citing <u>Rueth v. EPA</u>, 13 F.3d 227, 229 (7th Cir. 1993).

**Discussion**

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Generally, a state is entitled to immunity from suit in federal court unless there exists one of two exceptions. "First, a State may by unequivocal language waive the protections of the Eleventh Amendment and thereby consent to suit in Federal Court." Second, Congress may by "unequivocal language use its enforcement powers under the Fourteenth Amendment to abrogate the State's Eleventh Amendment immunity." <u>Kroll v. Bd. of Trustees of the Univ. of Ill.</u>, 934 F.2d 904, 906 (7th Cir. 1991) (citations omitted). Plaintiff claims that this suit falls into the latter exception because the ADA explicitly provides that, "(a) State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.

However, the Supreme Court has held that Congress may abrogate a state's Eleventh Amendment immunity only when it both "unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." <u>Bd. of Trustees of the Univ. of Ala. v. Garrett</u>, 121 S. Ct. 955, 962 (2001) (internal citations omitted). In <u>Garrett</u> the

Supreme Court held that Congress did not act pursuant to a valid grant of constitutional authority when it sought to abrogate the states' Eleventh Amendment immunity from ADA damage suits filed by private individuals. The Court noted that Congress may only abrogate Eleventh Amendment immunity pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment, which empowers Congress to enforce the substantive guarantees of that amendment by "enacting appropriate legislation." Id at 962-63. (citations omitted). The substantive guarantee implicated by the ADA is the right to equal protection. According to its Fourteenth Amendment jurisprudence, the Court stated, the equal protection clause does not require states to make, "special accommodations for the disabled, so long as their actions towards such individuals are rational." Id. at 964. Thus Congress' attempt to subject states to ADA damage claims could only be a valid exercise of its § 5 power if it sought to remedy an identified "pattern of irrational state discrimination in employment against the disabled." Id. at 965. The ADA's legislative history evidenced no such pattern. Thus, the Court concluded, Congress exceeded its constitutional authority when it attempted to abrogate the states' Eleventh Amendment immunity to ADA suits for money damages. Id. at 967-68.

The holding in Garrett, however is limited solely to suits for money damages, relief that the plaintiff does not seek. Rather, in her amended complaint, plaintiff asks only for injunctive relief. That, however, does not change the result. The Supreme Court has emphasized that the Eleventh Amendment bars claims against states and their agencies regardless of the type of relief sought. Seminole Tribe v. Florida, 517 U.S. 44, 58 (1996). "We have often made it clear that the relief sought by a plaintiff suing a State

is irrelevant to the question whether the suit is barred by the Eleventh Amendment." Cory v. White, 457 U.S. 85, 90 (1982).

Despite this well established principle, the plaintiff contends Garrett authorizes private individuals to sue states for injunctive relief under the ADA. In relevant part it provides:

> States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the states. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under Ex parte Young, 209 U.S. 123, 28 S.Ct 441, 52 L.Ed. 741 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress.

Bd. of Trustees of the Univ. of Ala. v. Garrett, 121 S.Ct. 955, 962 at n.9 (2001).

However, a suit for injunctive relief based on Ex Parte Young:

> [I]s a suit against State officers as individuals, not against the state itself. We held above that the only proper defendant in an action under the provisions under the ADA at issue here is the public body as an entity. A suit resting on the Young approach is not a suit against the public body and therefore cannot support relief. [Plaintiff] must pursue all of his ADA theories in state court.

Walker v. Snyder, 213 F.3d 344, 347 (7th Cir. 2000); See also Gleason v. Board of Educ. of the City of Chicago, 792 F.2d 76,79 (7th Cir. 1986). The plaintiff is suing the State of Illinois itself, not individual state offices. Thus, she cannot take refuge in either Garrett or ExParte Young. Because the State of Illinois retains its Eleventh Amendment immunity to all ADA claims, plaintiff's amended complaint must be dismissed.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss for lack of jurisdiction is granted.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: 7-26-01